UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY MOORE,

        Petitioner,

                                          Case No. 16-14294
v.                                        Hon. George Caram Steeh

JEFFREY WOODS,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [6], DISMISSING THE HABEAS CORPUS PETITION [1], DENYING PETITIONER'S MOTION TO AMEND [8], DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

This matter is before the Court on petitioner Ricky Moore's pro se habeas corpus petition under 28 U.S.C. § 2254, petitioner's motion to amend the petition, and respondent Jeffrey Woods' motion to dismiss the petition. Petitioner seeks to challenge his convictions and sentences for conspiracy to commit armed robbery, Mich. Comp. Laws §§ 750.157a and 750.529, assault with intent to rob while armed, Mich. Comp. Laws § 750.89, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Respondent urges the Court to dismiss the petition on the basis that petitioner did not comply with the one-year statute

of limitations for habeas petitions. The Court agrees with respondent that the petition is time-barred. Accordingly, respondent's motion will be granted, the petition will be dismissed, and petitioner's motion to amend will be denied as moot.

## I. Background

The state court provided the following brief summary of the facts leading to the charges against petitioner:

> On January 26, 2009, defendant [Ricky Moore], Robert Bates, and Jonathan Walker were involved in the attempted, but unsuccessful, robbery of Misbah Hans, an apartment building owner. The next day, defendant [Moore] and Danny Gaskins returned to the apartment building. Gaskins went inside claiming to be interested in renting an apartment. While Hans was showing Gaskins an apartment, Gaskins pulled a gun, shot Hans multiple times, and then ran. Hans died. Criminal charges against Bates, Walker, Gaskins and defendant [Moore] were filed.

People v. Moore, No. 299287, 2012 WL 2160983, at *1 (Mich. Ct. App. June 14, 2012).

Petitioner was tried before a jury in Wayne County Circuit Court, and on May 28, 2010, the jury found him guilty of two counts of conspiracy to commit armed robbery, one count of assault with intent to rob while armed, and two counts of possessing a firearm during the commission of a felony. On June 30, 2010, the trial court sentenced petitioner to two years in prison for the felony-firearm convictions, followed by concurrent terms of life

imprisonment with the possibility of parole for the conspiracy and assault convictions.

On appeal from his convictions, petitioner argued that (1) the trial court abused its discretion and violated his right of confrontation by limiting his right to cross-examine witnesses, and (2) the evidence was insufficient to support his conspiracy and assault convictions. On June 14, 2012, the Michigan Court of Appeals affirmed petitioner's conviction in an unpublished, per curiam opinion, see id., and on October 22, 2012, the Michigan Supreme Court denied leave to appeal. See People v. Moore, 493 Mich. 871; 821 N.W.2d 550 (2012).

On July 17, 2013, petitioner filed a motion for relief from judgment in the state trial court. He alleged that: (1) the trial court abused its discretion and violated his rights under the Eighth Amendment to the United States Constitution by sentencing him to life imprisonment; (2) he was entitled to a new trial on the basis of newly discovered evidence that he did not participate in the charged crimes; (3) inadmissible hearsay was admitted at his trial; (4) the prosecutor denied him a fair trial by (a) shifting the burden of proof and (b) presenting an audio recording of an individual who did not testify; and (5) trial counsel was ineffective for failing to (a) object to the use

of audio recordings, (b) object to prosecutorial misconduct, and (c) call a witness who had information concerning petitioner's innocence.

The trial court denied petitioner's motion, and on April 29, 2015, the Michigan Court of Appeals denied petitioner's application for leave to appeal the trial court's decision. See People v. Moore, No. 325929 (Mich. Ct. App. Apr. 29, 2015). On March 29, 2016, the Michigan Supreme Court denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). See People v. Moore, 499 Mich. 881; 876 N.W.2d 538 (2016).

On October 10, 2016, Petitioner signed his habeas petition, and on October 13, 2016, he allegedly placed his petition in the prison mailing system for mailing to the Court. On December 7, 2016, the Clerk of the Court filed the petition. Petitioner alleges as grounds for relief the two claims that he raised on direct appeal and the five claims that he raised during state collateral proceedings.

Respondent asserts that petitioner's claims are barred from substantive review by the applicable statute of limitations. Petitioner maintains in a response to respondent's motion that his petition is timely, and in his motion to amend the petition, petitioner seeks to show "cause and prejudice" for any procedural errors that he committed in state court.

## II. Analysis

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for state prisoners to file their federal habeas corpus petitions. Wall v. Kholi, 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)); Holbrook v. Curtin, 833 F.3d 612, 615 (6th Cir. 2016) (citing 28 U.S.C. § 2244(d)(1)), cert. denied sub nom. Woods v. Holbrook, 137 S. Ct. 1436 (2017). The limitations period runs from the latest of the following four dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A) - (D). "AEDPA also contains a tolling provision, which specifies that '[t]he time during which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.'" Holbrook, 833 F.3d at 615 (quoting 28 U.S.C. § 2244(d)(2)).

Petitioner has not alleged that the State created an impediment to filing a timely habeas petition, and he is not relying on a newly recognized constitutional right. Cf. 28 U.S.C. § 2244(d)(1)(B) and (C). Although petitioner does claim to have two affidavits that demonstrate he is actually innocent, he has not alleged that the statute of limitations should run from the date on which the factual predicate for his claims could have been discovered. Cf. 28 U.S.C. § 2244(d)(1)(D).

Furthermore, it does not appear that either one of the affidavits had an impact on the statute of limitations. Terrez Herron's affidavit is dated November 16, 2012, which was before petitioner's direct review came to an end. See Resp't Mot. for Dismissal of Pet., App. B (ECF No. 6-3, Pg ID 160). Derrick Williams allegedly provided petitioner with his affidavit after petitioner's trial testimony. See Brief in Support of Pet. for Writ of Habeas Corpus, p. 15 (ECF No. 1, Pg ID 36). The affidavits are not a basis for delaying the start of the limitations period because they were available

before petitioner's convictions became final and the statute of limitations began to run.

The controlling subsection here is 28 U.S.C. § 2244(d)(1)(A), which states that the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). A petition for a writ of certiorari to review a judgment entered by a state court of last resort must be filed with the Clerk of the United States Supreme Court within ninety days after entry of the judgment. Sup. Ct. R. 13.1.

**B. Application**

Petitioner did not seek a writ of certiorari in the United States Supreme Court. Therefore, his convictions became final on January 20, 2013, ninety days after the Michigan Supreme Court denied leave to appeal on direct review. Gonzalez, 565 U.S. at 150. The statute of limitations began to run on the following day, Miller v. Collins, 305 F.3d

491, 495 n.4 (6th Cir. 2002), and it ran uninterrupted until July 17, 2013, when petitioner filed his motion for relief from judgment in the state trial court. At that point, the limitations period had run 177 days, and petitioner had 188 days in which to file his habeas petition.

The limitations period was tolled during the pendency of petitioner's motion for relief from judgment in state court. See Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (stating "that an application is pending [for purposes of 28 U.S.C. § 2244(d)(2)] as long as the ordinary state collateral review process is 'in continuance'-i.e., "until the completion of" that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.' "). On March 29, 2016, the state courts concluded their review of petitioner's post-conviction motion, and on March 30, 2016, the limitations period resumed running. It was not tolled during the time that petitioner could have appealed to the United States Supreme Court following the conclusion of state collateral review. Lawrence v. Florida, 549 U.S. 327, 329, 332 (2007).

The one-year limitations period ended 188 days later on October 3, 2016. Petitioner signed his habeas petition on October 10, 2016, and he alleges that he did not place it in the prison mailing system until October

13, 2016. See Pet. for Writ of Habeas Corpus, p. 4 (ECF No. 1, Pg ID 14). By then, the statute of limitations had run on his claims. His petition is untimely by at least seven days.

Petitioner argues in his reply to respondent's motion that he filed his motion for relief from judgment on July 10, 2013, not July 17, 2013, and, therefore, he had 195 days in which to file his habeas petition, not 188 days, as respondent contends. In his habeas petition, however, petitioner concedes that he filed his motion for relief from judgment on July 17, 2013. See id., Pg ID 3. Furthermore, the motion was time-stamped by the state court on July 17, 2013, and it was docketed on July 17, 2013. See Mot. for Dismissal of Pet. for Writ of Habeas Corpus, App. B and App. C (ECF No. 6-3, Pg ID 98 and 166).

Petitioner, nevertheless, contends that the prison mailbox rule should apply to the filing of the motion for relief from judgment. In support of this argument he has submitted an exhibit, which purports to show that money was deducted from his prison trust fund account for legal copies on July 10, 2013, and for legal postage on July 11, 2013. See Response to Mot. to Dismiss, Ex. A (ECF No. 7, Pg ID 178).

Under the federal prison mailbox rule, a habeas petition ordinarily "is considered filed when the prisoner provides the petition to prison officials

for filing." Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 456 (6th Cir. 2012) (citing Cook v. Stegall, , 295 F.3d 517, 521 (6th Cir. 2002) (citing Houston v. Lack, 487 U.S. 266, 273 (1988)). The State of Michigan has a prison mailbox rule, but it applies only to appeals. See Staff Comment to the 2010 Amendment following Mich. Ct. R. 7.105; see also Mich. Ct. R. 7.204(A)(2)(e) and the Staff Comment to the 2010 Amendment; Mich. Ct. R. 7.205 (A)(3) and the Staff Comment to the 2010 Amendment; and Mich. Ct. R. 7.305(C)(4).

Further, the Sixth Circuit has declined to apply the federal mailbox rule to state post-conviction motions. See Vroman v. Brigano, 346 F.3d 598, 603–04 (6th Cir. 2003). This Court, therefore, declines to apply the Michigan prison mailbox rule to petitioner's motion for relief from judgment. The state-court record indicates that the motion was filed on July 17, 2013, leaving petitioner with 188 days, not 195 days in which to file his habeas petition. Because petitioner missed that deadline, his habeas petition is untimely, absent equitable tolling or a credible showing of actual innocence.

### C. Equitable Tolling

The Supreme Court has held that the habeas statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). But "a 'petitioner' is 'entitled to equitable tolling' only

if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id., 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Here, even assuming that petitioner was diligent in pursuing his rights, no extraordinary circumstance prevented him from pursuing his claims in a timely manner. He is not entitled to equitable tolling of the limitations period.

**D. Actual Innocence**

Actual innocence, if proved, serves as a gateway through which habeas petitioners may pass when the impediment to consideration of the merits of their constitutional claims is expiration of the statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). Nevertheless,

> tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."

Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

> "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324, 115 S.Ct. 851. The [Supreme] Court counseled however, that the actual innocence exception should "remain rare" and "only be applied

- 11 -

in the 'extraordinary case.' " Id. at 321, 115 S.Ct. 851.

Souter v. Jones, 395 F.3d 577, 590 (6th Cir. 2005)

As noted above, petitioner purports to have new evidence of actual innocence in the form of affidavits from Terrez Herron and Derrick Williams. Williams states in his undated affidavit that, on January 27, 2009, he resided in the apartment building where the shooting occurred. As he was exiting the back door of the apartment building that day, he heard several gunshots coming from inside the building. He subsequently observed two black men exit the back door. He had a clear view of the young man who said, "Is he dead, cause we [are] not going to get paid if he['s] not." The other man, whom Williams could not see clearly, responded, "Yeah, Chuck, he dead. I killed him." According to Williams, the two men then ran toward an empty white Jeep, entered the Jeep, and drove off.

Williams goes on to say in his affidavit that he did not convey this information to any of the police officers present at the apartment building because he was on parole at the time and he did not want to get involved in the matter. However, since finding out that an innocent person was accused of being a part of a senseless murder, he decided the right thing to do was to speak out about what he knew and heard on January 27, 2009. See Resp't Mot. for Dismissal of Pet. (ECF No. 6-3, Pg ID 157-58).

Petitioner maintains that Williams' affidavit shows he did not participate in the crimes. See Brief in Support of Pet. for Writ of Habeas Corpus, p. 15 (ECF No. 1, Pg ID 36). But, according to petitioner's own summary of the facts during the state collateral proceedings, his three co-defendants implicated him in the crimes when they testified at trial. Co-defendant Robert Bates testified that petitioner approached him and Jonathan Walker and suggested robbing a landlord who had a couple thousand dollars. Petitioner then dropped Bates and Walker off at the apartment building and gave Walker a gun before he drove around the corner to wait for them. See Resp't Mot. for Dismissal of Pet., App. B (ECF No. 6-3, Pg ID 112-13) (petitioner's summary of Bates' trial testimony).

Walker provided similar testimony and also testified that petitioner was armed with a gun at the time. Walker added that, after he and Bates decided not to attempt a robbery and they got back in petitioner's car, petitioner said that it was "okay" and that he would get somebody else. Id., Pg ID 115-16 (petitioner's summary of Walker's trial testimony). Gaskins admitted to shooting the victim and stated that petitioner had taken him to the apartment. Id., Pg ID 118 (petitioner's summary of Gaskins' testimony).

Given the co-defendants' testimony, no reasonable juror would have voted to acquit petitioner on the basis of Williams' affidavit. The same is

true of Terrez Herron's affidavit. Although his affidavit recants the incriminating statements that he made about petitioner when he was questioned by the police, see id.,Pg ID 160, "recanting affidavits are always viewed with 'extreme suspicion.' " Williams v. Coyle, 260 F.3d 684, 708 (6th Cir. 2001) (quoting United States v. Chambers, 944 F.2d 1253, 1264 (6th Cir. 1991)).

Petitioner has not supplied the Court with any new reliable evidence that was not presented at trial, and this is not the kind of rare and extraordinary case that warrants equitable tolling of the statute of limitations. Therefore, petitioner is not entitled to pass through the "actual innocence" gateway and have his claims heard on the merits.

### III. Conclusion

For the reasons given above, the petition is time-barred. Therefore, respondent's motion to dismiss (ECF No. 6) is granted, the habeas petition (ECF No. 1) is dismissed with prejudice, and petitioner's motion to amend ECF No. 8) is denied as moot.

### IV. Certificates of Appealability; Leave to Appeal In Forma Pauperis

The Supreme Court has said that "a prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first

seek and obtain a [certificate of appealability.]" Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, the court should issue a certificate of appealability if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Reasonable jurists would not find it debatable whether the Court was correct in its procedural ruling or whether the petition states a valid claim of the denial of a constitutional right. Accordingly, the Court declines to grant a certificate of appealability. The Court nevertheless grants petitioner permission to appeal this decision in forma pauperis because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated:

                            s/George Caram Steeh
                            HON. GEORGE CARAM STEEH
                            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 27, 2018, by electronic and/or ordinary mail and also on Ricky Moore #716751, Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784.

s/Barbara Radke
Deputy Clerk